# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JESSIE D. BOYETT, JR.**                                                       **PETITIONER**

**V.**                    **CIVIL ACTION NO. 3:24-CV-00376-MPM-JMV**

**COMMISSIONER BURL CAIN, et al.**                           **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jessie D. Boyett, Jr., for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents have moved to dismiss the petition for failure to state a cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust available state-court remedies. Petitioner has responded to the motion, and the matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed.

## Procedural Background

Petitioner Jessie D. Boyett, Jr., is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. Doc. #s 1, 4. On August 9, 2002, Boyett entered guilty pleas to two charges—aggravated assault of a law enforcement officer and rape—in the Circuit Court of DeSoto County, Mississippi. *See* Doc. #s 17-1 at 157-160, 18-1. Pursuant to his guilty pleas, the circuit court sentenced Boyett to serve consecutive sentences of thirty (30) years on the aggravated assault of a law enforcement officer charge and twenty (20) years on the rape charge. *See id.*

According to his MDOC timesheet, Boyett's total time to serve in MDOC custody is fifty (50) years. Doc. # 18-3; *see also* Doc. # 17-5 at 138-139. The timesheet reflects that Boyett must serve the twenty-year sentence for rape first, and he completed that sentence as of February 3, 2021. *See*

*id.* It further indicates that Boyett is first eligible for parole on January 19, 2036. *Id.* In the absence of parole or otherwise earned early release time, MDOC projects Boyett's tentative discharge date to be March 17, 2047. *Id.*

On April 5, 2022, Boyett submitted an MDOC Administrative Remedy Program ("ARP") grievance requesting sentence commutation and a new parole eligibility date based on his completion of the twenty-year sentence on the rape conviction. Doc. # 17-1 at 35-42. Boyett believed that a newly enacted amendment (from 2021) to Mississippi's parole statute warranted a commutation of his sentence(s). *See id.*; *see also* Miss. Code Ann. § 47-7-3 (Rev. 2021).[1] More specifically, Boyett argued that MDOC should have given him an earlier parole eligibility date based on his completion of the twenty-year sentence on the rape conviction. *Id.*

On April 12, 2022, MDOC ARP Director Richard Pennington responded with a form letter entitled "How to Enter the ARP Process." Doc. # 17-1 at 50. In the letter, Pennington checked that "Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you." *See id.* The letter further advised that "'Commutation' of sentences is a Court issue and beyond the power of ARP to grant. Request of parole eligibility date should be requested separately." *Id.*

Two weeks later, on April 26, 2022, Boyett submitted a "Response to the Director's 'Notice' Rejecting Complainant's Request for Administrative Relief" in which he argued that it was "clear error" to reject his ARP request and that MDOC has the authority to commute his sentence through the ARP process. Doc. # 17-1 at 52-56. He further opined that the director's "acts" were an attempt to "th[w]art Boyett from taking advantage of MDOC's grievance process/procedure." *Id.* On May

---

[1] The amendment provides that, for non-violent offenses committed after June 30, 1995, an "offender may be considered eligible for parole release" "only after they have served twenty-five percent (25%)or ten (10) years, whichever is less, of the sentence or sentences imposed by the trial court." Miss. Code Ann. § 47-7-3 (h)(i)(1). For violent offenses, an offender "shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court. Miss. Code Ann. § 47-7-3 (h)(i)(2).

3, 2022, Pennington sent Boyett a second letter entitled "How to Enter the ARP Process: 2nd and Final" again marking that only one request would be accepted and stating that "Use of 'legal language' makes your request unclear. Please simplify your request." Doc. # 17-1 at 60.

On July 26, 2022, Boyett filed a Complaint or "Motion or Petition for Judicial Review" in the Hinds County Circuit Court in which he complains about MDOC's alleged failure to apply the above-referenced amendment to Mississippi's parole statute in not commuting his sentence or re-calculating his parole eligibility date. Doc. # 17-1 at 4-31. The Hinds County Circuit Court entered an Order on August 25, 2022, dismissing Boyett's complaint for lack of jurisdiction. Doc. # 17 at 71-72. Boyett signed and submitted a Notice of Appeal of the circuit court's dismissal on September 20, 2022. Doc. # 17-1 at 78-79.

In an Opinion entered on December 5, 2023, the Mississippi Court of Appeals affirmed the circuit court's dismissal for lack of jurisdiction. Doc.# 17-4 at 13-17; *see also Boyett v. Cain*, 375 So. 3d 1212, 1212 (Miss. Ct. App. 2023). On December 18, 2023, Boyett signed and submitted a Motion for Rehearing of the court of appeals' decision which was stamped as "Filed" on December 27, 2023, and denied May 21, 2024. Doc. # 17-4 at 5-11; *see Boyett*, 375 So. 3d at 1212.

Boyett submitted a Petition of Certiorari which was "Filed" in the Mississippi Supreme Court on June 3, 2024. Doc. # 17-5 at 66-77. The Mississippi Supreme Court entered an Order on August 12, 2024, granting certiorari review "only on the issue of venue." Doc. # 17-5 at 43. In an opinion entered on December 5, 2024, the Mississippi Supreme Court held that venue was proper in Hinds County, "[b]ut due to Boyett's failure to exhaust his administrative remedies, the circuit court was without authority to hear his complaint." *Boyett v. Cain*, 397 So. 3d 481, 484 (Miss. 2004) (citing Miss. Code Ann. § 47-5-803(2)(Rev. 2023)); *see also* Doc. # 17-5 at 3-9. Given Boyett's failure to exhaust, the Mississippi Supreme Court did not address the merits of his claims. *See id.*

On December 19, 2023, while his case was pending in the Mississippi Court of Appeals, Boyett filed a second ARP request for a parole eligibility date. Doc. # 17-5 at 135-36. Boyett's previous MDOC time sheet showed an ERS date of June 7, 2045, but no parole date. *See* Doc.# 17-1 at 47-48. On February 2, 2024, Boyett received a First Step Response with an updated time sheet reflecting a parole eligibility date of January 19, 2036 and an ERS date as September 16, 2042. Doc. # 18-3; *see also* Doc. # 17-5 at 138-139.

On March 13, 2024, Boyett responded to the First Step Response and argued that MDOC had miscalculated his release date under the 2021 amendment to Mississippi's parole statute. Doc.# 17-5 at 137-142. Boyett received a Second Step Response on July 3, 2024, in which MDOC stated that the January 19, 2036 parole date was correct. Doc.# 17-5 at 50. Deputy Director Linda Durr further advised Boyett that "[Y]our 20 years rape charge is day for day[,] and you must serve 15 years of your 30 years sentence to be eligible for parole. [Y]ou completed the rape sentence [on] 1/22/2021 plus 15 years is 1/19/2036." *Id.* Boyett did not appeal the ARP decision.

Boyett signed the instant petition for federal habeas corpus relief under 28 U.S.C. § 2241 on December 3, 2024, and it was "filed" on the Court's docket on December 9, 2024. Doc. # 1. In his petition, Boyett generally argues that MDOC violated his constitutional rights in denying his request for commutation of sentences and calculation of a new parole eligibility date. *Id.* On January 6, 2025, the Court entered an Order directing Respondents to answer Boyett's petition on or before March 21, 2025. Doc. # 8. On March 18, 2025, Respondents moved to dismiss Boyett's petition for failure to state a cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust available state-court remedies. Doc. # 18. Boyett filed a response to the motion to dismiss on March 31, 2025. Doc. # 20. The matter is now ripe for resolution.

4

**Failure to State a Cognizable Claim for Federal Habeas Relief**

Respondents first argue that Boyett fails to state a cognizable claim for federal habeas relief. Boyett's petition stems entirely from his disagreement with MDOC's calculation of his expected release date and parole eligibility date based on an amendment to Mississippi's parole statute. Boyett *seemingly* believes that he has been unlawfully denied parole and that he is eligible for parole now because of his completion of the 20-year sentence on the rape charge.

To state a cognizable claim for federal habeas relief, Boyett must allege that he has been "deprived of some right secured to him by the [United States] Constitution or laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Boyett's eligibility for parole, however, is determined by Mississippi law. *See* Miss. Code Ann. § 47-7-3. Because parole in Mississippi is discretionary, "prisoners in the state have no liberty interest in parole" or in "an expectation of receiving" a parole hearing. *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

Federal habeas corpus petitions "based on any argument that state courts are incorrectly applying their own law [] is not a basis for [federal habeas] relief." *Id.* (citations omitted). *Id.* (citing *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is not cognizable in federal habeas proceedings")). It cannot be disputed that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

In sum, Boyett's claim(s) challenging the denial of parole and/or the calculation of his eligibility for parole is premised entirely on Mississippi law. As such, "[a]ny relief [that Boyett] is entitled to under Mississippi law must be obtained in the courts of that state." *Id.* at 313. Thus, Boyett has failed to allege the deprivation of any constitutional or federal right. Accordingly, the Court finds

that Boyett has failed to state a cognizable claim for federal habeas corpus relief and that his petition should be dismissed with prejudice.

### Exhaustion of State Court Remedies

Respondents additionally argue that dismissal is appropriate because Boyett failed to exhaust available state court remedies prior to filing this action. While 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Fifth Circuit Court of Appeals has instructed that a judicially crafted requirement of exhaustion of state court remedies applies to § 2241 petitions. *See Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). The Fifth Circuit further expounded that, for § 2241 proceedings, "federal courts should abstain from the exercise of jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted).

The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). Mississippi law provides that, to the extent that a prisoner seeks relief based on alleged miscalculations on his time sheet, he should pursue those challenges through the statutorily authorized administrative channels. *See* Miss. Code Ann. § 47-5-803; *see also Easterling v. State*, 283 So. 3d 1198, 1200 (Miss. Ct. App. 2019) (explaining that "[a]n inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review . . .")(citation omitted).

As explained above, when Boyett's first ARP was rejected by MDOC, he did not fully proceed with the APR process. Boyett, instead, filed a motion for judicial review in the Hinds County Circuit Court; the circuit court dismissed for lack of jurisdiction. The Mississippi Court of Appeals then affirmed, while

6

the Mississippi Supreme Court granted certiorari review on the issue of venue *only*, subsequently issuing an opinion finding that venue was proper in Hinds County. The Mississippi Supreme Court, however, did *not* address the merits of Boyett's claim(s). *See Boyett*, 397 So. 3d at 484; *see also* Doc. # 17-5 at 3-9. Boyett filed his second ARP while his case was still pending in the Mississippi Court of Appeals. In that instance, Boyett did complete the First and Second Step Responses from MDOC's ARP grievance process, but he did *not* appeal the ARP decision to a court of judicial review.

Given these circumstances, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to consider the merits of Boyett's claim(s) regarding parole eligibility. Boyett's failure to exhaust available state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See Dickerson*, 816 F.2d at 225.

## Conclusion

For the reasons set forth herein, Respondents' Motion [18] to Dismiss will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice**. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 13th day of May, 2025.

    /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**